**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

JOHN L. BRYANT, # 22733-039,
LASHUNDA BRYANT, Third Party Intervenor,

   Plaintiff,

vs.           CASE NO. 2:06-CV-13849
              HONORABLE GEORGE CARAM STEEH
              UNITED STATES DISTRICT JUDGE

JAMES FIENBERG, et. al.,

   Defendants,
_____/

**OPINION & ORDER OF SUMMARY DISMISSAL**

  John L. Bryant, ("Plaintiff"), is a federal prisoner currently incarcerated at the Federal Correctional Institution in Fort Dix, New Jersey. Lashunda Bryant, plaintiff's wife and third party intervenor, resides in Fraser, Michigan. Plaintiff has filed a civil action pursuant to 18 U.S.C. §§ 1331 and 1332; 28 U.S.C. §§ 2201, 2202, and 28 U.S.C. § 1343. For the reasons stated below, the Court construes this action as having been brought pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). The Court will also dismiss the complaint for failing to state a claim upon which relief can be granted.

**I. Complaint**

  Plaintiff pleaded guilty to one count of conspiracy to distribute a controlled substantance before Judge Lawrence P. Zatkoff in the United States District Court for the Eastern District of Michigan and was sentenced to 235 months in

1

prison. *See United States v. Mask,* U.S.D.C. No. 97-81373-DT.

Plaintiff claims that he retained defendant James Feinberg,[1] an attorney, to represent him on his appeal to the United States Court of Appeals for the Sixth Circuit. Plaintiff claims that Feinberg committed fraud and malpractice by failing to perfect his direct appeal.

Plaintiff subsequently retained Arlene F. Woods to represent him. Ms. Woods filed a motion for reinstatement of plaintiff's direct appeal with the Sixth Circuit. On January 29, 2002, defendant Janice E. Yates, the Chief Deputy Clerk for the United States Court of Appeals for the Sixth Circuit, denied plaintiff's request to reinstate his direct appeal.

Ms. Woods ultimately filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255 with the United States District Court for the Eastern District of Michigan. On August 31, 2004, Judge Lawrence P. Zatkoff granted the motion, finding that Mr. Feinberg, along with one of plaintiff's other attorneys, had been ineffective in failing to perfect plaintiff's appeal. Judge Zatkoff further determined that plaintiff's federal sentencing guidelines had been incorrectly scored and re-sentenced plaintiff to 210 months in prison. *Bryant v. United States,* U.S.D.C. 03-70387 (E.D. Mich. August 31, 2004).

Plaintiff now seeks monetary relief against the defendants, as well as the

---

[1] Although plaintiff spells defendant's last name as "Fienberg" in the complaint, the correct spelling his Feinberg.

reinstatement of his direct appeal.

## II. Discussion

Before the Court discusses the merits of plaintiff's claims, the Court must determine how to properly characterize plaintiff's complaint. Plaintiff claims that he is bringing his action pursuant to 18 U.S.C. §§ 1331 and 1332; 28 U.S.C. §§ 2201, 2202, 28 U.S.C. § 1343.

Whether this Court has jurisdiction over this case pursuant to 18 U.S.C. § 1331, the federal question statute, "is analytically distinct from the question whether the plaintiff has stated a cause of action upon which relief can be granted." *Mahone v. Waddle,* 564 F. 2d 1018, 1022 (3rd Cir. 1977). "Federal question jurisdiction does not provide an independent cause of action. Rather, it is the principle that confers jurisdiction on federal courts to hear claims involving federal statutes." *Gutch v. Federal Republic of Germany,* ---- F. Supp. 2d----; 2006 WL 2075259, * 4, n. 3 (D.D.C. July 27, 2006). Moreover, even if plaintiff's complaint is construed as being brought pursuant to 18 U.S.C. § 1331, it would be proper for the Court to dismiss it if plaintiff failed to establish that he was entitled to relief pursuant to the Constitution, laws, or treaties of the United States. *See Kerr v. Bey,* 103 Fed. Appx. 558, 559-60 (6th Cir. 2004).

Plaintiff is also unable to invoke 18 U.S.C. § 1332 as a basis for relief. A federal case falls within a federal district court's diversity jurisdiction only if diversity of citizenship among the parties is complete, that is, only if there is no

3

plaintiff and no defendant who are citizens of same state. *See Wisconsin Dept. of Corrections v. Schacht,* 524 U.S. 381, 388 (1998)(collecting cases).  In this case, there is not complete diversity between the parties.  First, plaintiff's wife resides in the same state, Michigan, as does defendant Feinberg.  Morever, plaintiff's current place of incarceration in New Jersey does not establish diversity.  A prisoner's place of incarceration does not establish citizenship, which is instead determined by his domicile prior to incarceration for purposes of diversity jurisdiction. *See Jones v. Law Firm of Hill and Ponton,* 141 F.Supp.2d 1349, 1355 (M.D.Fla. 2001).  Plaintiff does not allege that he was a citizen of a state other than Michigan prior to his incarceration, therefore, diversity of citizenship between himself and defendant Feinberg is lacking.

Likewise, the Declaratory Judgment Act, 28 U.S.C. § 2201, *et. seq.,* does not create an independent basis for federal subject matter jurisdiction. *See Heydon v. MediaOne of Southeast Michigan, Inc.,* 327 F.3d 466, 470 (6th Cir. 2003).  Nor would 28 U.S.C. § 1343 establish a cause of action against the defendants in this case, because this section applies only to defendants who are acting under color of state law, which is not the case here. *Gerritsen v. de la Madrid Hurtado*, 819 F. 2d 1511, 1518-19 (9th Cir. 1987).  Finally, plaintiff does not have a private cause of action under 18 U.S.C. § 3332(a), the Special Grand Jury statute. *See Mohwish v. Gentry,* 156 F. 3d 1231 (Table), 1998 WL 466567, * 2 (6th Cir. July 31, 1998).

A plaintiff may, however, file suit in federal court for damages arising from a violation of plaintiff's constitutional rights by persons acting under the color of federal law. *Bivens*, 403 U.S. at 395.  A *Bivens* action is considered the federal counterpart of a Section 1983 action. *Shannon v. General Electric Co*, 812 F. Supp. 308, 322 (N.D.N.Y. 1993).  This Court will therefore construe plaintiff's action as having been brought pursuant to *Bivens.*

Under The Prison Litigation Reform Act of 1995 (PLRA), district courts are required to screen all civil cases brought by prisoners. See *McGore v. Wrigglesworth*, 114 F. 3d 601, 608 (6th Cir. 1997).  If a complaint fails to pass muster under 28 U.S.C. §1915(e)(2) or § 1915A, the "district court should sua sponte dismiss the complaint." *Id.* at 612.  Pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915(e)(2)(A), a district court must *sua sponte* dismiss an *in forma pauperis* complaint before service on the defendant if satisfied that the action is frivolous or malicious, that it fails to state a claim upon which relief may be granted, or that it seeks monetary relief from a defendant or defendants who are immune from such relief. *McLittle v. O'Brien*, 974 F. Supp. 635, 636 (E.D. Mich. 1997).  The screening provisions of the PLRA are applicable to *Bivens* actions brought by federal inmates. *See e.g. Plunk v. Givens,* 234 F. 3d 1128, 1129 (10th Cir. 2000); *See also Diaz v. Van Norman,* 351 F. Supp. 2d 679, 680-81 (E.D. Mich. 2005).  Moreover, even though plaintiff's wife is a non-prisoner, the PLRA's screening provisions apply to non-prisoners as well as to prisoners. *McGore,* 114

F. 3d at 608.

Plaintiff's lawsuit against defendant Feinberg must be dismissed because an attorney does not act under color of federal law when representing a client in a federal criminal case. *See Cox v. Hellerstein,* 685 F. 2d 1098, 1099 (9th Cir. 1982); See also *Bradford v. Shankman,* 772 F.2d 905 (Table), 1985 WL 13659 (6th Cir. August 12, 1985). This parallels the rule that conduct of a retained attorney does not rise to the level of "state action" within the meaning of 42 U.S.C. § 1983. *Lemmons v. Law Firm of Morris and Morris*, 39 F. 3d 264, 266 (10th Cir. 1994); *Holbird v. Armstrong-Wright*, 949 F. 2d 1019, 1020 (8th Cir. 1991); *Lindsey v. Jansante*, 806 F. Supp. 651, 654 (E.D. Mich. 1992).

The lawsuit must also be dismissed against Defendant Yates on the ground that she is immune from being sued in her capacity as court clerk for the Sixth Circuit.

Judges and other court officials enjoy absolute immunity from suit on claims arising out of the performance of judicial or quasi-judicial functions. *Foster v. Walsh*, 864 F. 2d 416, 417 (6th Cir. 1988). In *Rodriguez v. Weprin*, 116 F. 3d 62, 66 (2nd Cir. 1997), the Second Circuit ruled that an inmate's § 1983 claims against court clerks for refusing the inmate's request for records on direct appeal and for the alleged delay in scheduling the appeal related to judicial functions, and thus, the clerks were entitled to absolute immunity from these claims. *See also Sirbaugh v. Young,* 25 Fed. Appx. 266, 268-69 (6th Cir. 2001)(state court

6

clerks immune from § 1983 suit for failure to waive prisoner's appellate court filing fee); *Bradley v. United States,* 84 Fed. Appx. 492, 493 (6th Cir. 2003)(federal district court clerk immune from *Bivens* suit for delay in processing habeas corpus petition); *Harris v. Suter,* 3 Fed. Appx. 365, 366 (6th Cir. 2001)(Clerk of the United States Supreme Court was entitled to absolute judicial immunity when he refused to file petition for writ of certiorari).

Finally, to the extent that plaintiff is seeking to have his federal criminal conviction vacated or set aside, the civil rights complaint is subject to dismissal. A claim brought under § 1983 and/or Bivens is an appropriate remedy for a prisoner challenging a condition of his imprisonment. *Diaz,* 351 F. Supp. 2d at 682 (citing *Preisier v. Rodriguez,* 411 U.S. 475, 499 (1973)). However, a challenge to the validity of a prisoner's continued confinement is not properly brought under *Bivens. Id.* "[T]he proper remedies for a challenge to a federal conviction and sentence are a direct appeal or a motion under 28 U.S.C. § 2255 in the sentencing court." *Agunbiade v. U.S. Drug Enforcement Admin.*, No. 1995 WL 871138, * 1 (E.D. Mich. Feb 22, 1995); *See also Boyd v. Helland,* 2006 WL 2727068, * 2 (E.D. Mich. September 22, 2006). Plaintiff has already been granted post-conviction relief by Judge Zatkoff. The normal rule is that before a second or successive motion to vacate sentence is filed in a federal district court, a petitioner shall move in the appropriate court of appeals for an order authorizing the district court to consider the motion. 28 U.S.C. § 2244(b)(3)(A); *In Re*

*Hanserd*, 123 F. 3d 922, 934 (6th Cir. 1997).  If a second or successive motion to vacate sentence is erroneously filed with the district court, the court should normally transfer the motion to the the appropriate court of appeals pursuant to 28 U.S.C. § 1631. *Id.;citing to In Re Sims,* 111 F. 3d 45, 47 (6th Cir. 1997).  However, in the absence of any clear indication by plaintiff that he seeking to file a second or successive 2255 motion to vacate, the Court declines to transfer this matter to the Sixth Circuit for authorization.

## V.  CONCLUSION

**IT IS HEREBY ORDERED** that plaintiff''s complaint is **DISMISSED WITH PREJUDICE FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED,** pursuant to 28 U.S.C. § 1915A(e)(2) and 28 U.S.C. § 1915(A).

Dated:  October 10, 2006

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
October 10, 2006, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk

---